# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-10777
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Glen Mason,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-36-1

———————————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Christopher Glen Mason pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On appeal, Mason raises constitutional challenges to his conviction. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time in which to file a brief. Mason concedes that each of his

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10777

arguments are foreclosed, but nonetheless raises the arguments to preserve them for further review.

Mason first argues that § 922(g)(1) is facially unconstitutional under the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The parties are correct that this argument is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024).

Mason also argues that the district court misinterpreted § 922(g)(1) because the statute requires more than mere past interstate travel at an indeterminate time. Alternatively, if this proposed interpretation is incorrect, Mason contends that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause. The parties correctly conclude that both arguments are also foreclosed. *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023).

Because summary affirmance is appropriate here, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.